The Honorable Eugene T. Whitworth, Sr. State Attorney Eighth Judicial Circuit Post Office Box 1437 Gainesville, Florida 32602
Dear Mr. Whitworth:
You have asked for my opinion on substantially the following questions:
 1. Whether the provisions of s. 501.022(1)(b) 4., F.S., exclude newspaper sales from the permitting requirement contained in s. 501.022, F.S.?
 2. If not, would such permitting requirements constitute an unconstitutional infringement on the newspaper's right of free speech?
Based upon the following analysis, I am of the opinion:
 1. When newspaper subscriptions are sold by home solicitation at a place other than the newspapers' business establishment, and when the sale is also consummated at such other place, the solicitors are not required to obtain a home solicitation sale permit when they sell newspapers by showing samples to potential customers, and when the delivery of such subscription does not begin until more than three days after the consummation of the sale.
 2. In light of my response to the first question, it is unnecessary to address your second question.
Section 501.022, F.S., provides in pertinent part "[i]t is unlawful for any person to conduct any home solicitation sale, as defined in s. 501.021(2), . . . without first obtaining a valid home solicitation sale permit as provided in this section."[1] Among those specifically excluded from the operation of the statute are "[s]olicitors, salesmen, or agents conducting a sale, lease, or rental of consumer goods or services by sample, catalog, or brochure for future delivery."[2]
According to your letter, newspapers are engaged in home solicitation sales in Alachua County without their sales representatives having obtained valid home solicitation sale permits. These sales representatives visit the homes of consumers and, carrying editions of the newspaper to show to potential subscribers, offer for sale and sell newspaper subscriptions. The length and price of the subscriptions vary. In each sale, the subscription service begins at some unspecified future date.
Based on the above facts, it appears that the solicitation of the newspapers falls squarely within the exception created by s.501.022(1)(b)4., F.S. The representatives of the newspapers are conducting the sale of consumer goods and services by sample for future delivery.
Although not defined in s. 501.022, F.S., "consumer goods or services" are generally held to include those which are used primarily for personal, family or household purposes.[3] The Uniform Commercial Code classifies goods as "consumer goods" if "they are used or bought for use primarily for personal, family or household purposes."[4] A newspaper which is generally used for personal, family or household use, as a significant source of news and other information, would, in my opinion, be considered a "consumer good." Likewise, the delivery of a newspaper on a regular basis to the home of the subscriber would constitute a "consumer service."
Your letter indicates that the solicitor typically carries an edition of the newspaper to show to prospective purchasers. Black's Law Dictionary defines "edition" as, among other things, "[o]ne of several issues of a newspaper for a single day."[5]
The plain meaning of "sample" includes "a representative part or a single item from a larger whole or group especially when presented for inspection or shown as evidence of quality."[6] Thus, the edition of the newspaper shown to prospective customers would constitute a "sample" within the meaning of s. 501.022(1)(b)4., F.S.
Finally, your letter states that a consumer who purchases a subscription receives nothing at the time of the sale but that the consumer will receive the newspapers for a 14-week or 28-week period "in the future," if they subscribe. Pursuant to s.501.022(1)(b)4., F.S., a solicitor conducting the sale of consumer goods is excluded from having to obtain a permit if the sale is by sample or brochure "for future delivery." "Future delivery" means "delivery more than 3 business days after the buyer signs an agreement or offer to purchase."[7] Therefore, if the newspaper subscription begins more than three days after the consumer agrees to make the purchase, then the solicitor would be excluded from the permit requirement. If the newspaper subscription begins less than three days after the customer purchases, such home solicitation would not be excluded by s. 501.022(1)(b)4., F.S.
Thus, I am of the opinion that when newspaper subscriptions are sold via personal solicitation at a place other than the newspapers' business establishment, and when the sale is also consummated at such other place, the solicitors are not required to obtain a home solicitation sale permit when they sell newspapers by showing samples to potential customers, and when the delivery of such subscription does not begin until more than three days after the consummation of the sale.
Your second question inquires about the constitutionality of s.501.022, F.S. In light of my response to the first question, it is unnecessary to address your second question. Moreover, legislative enactments are presumptively valid, and this office must presume the validity of the questioned statute unless and until a court declares otherwise in a proper judicial forum.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 501.022(1)(a), F.S.
[2] Section 501.022(1)(b)4., F.S. Section 501.022(1)(b), F.S. lists seven exclusions from the statute.
[3] Attorney General Opinion 70-139.
[4] Section 679.109, F.S.
[5] Black's Law Dictionary, Fifth Edition, 1979.
[6] Webster's Ninth New Collegiate Dictionary (1983).
[7] Section 501.021(4), F.S.